And we'll wait to start until the courtroom is settled. All right. We'll hear first from Ms. Taylor. Good morning. My name is Taylor, and I represent the petitioner, Mr. Darwin Lopez-Serrano. The respondent in the Board of Immigration Appeals asked this court to find that a conviction by a defendant means a conviction by a conviction. However, the Board of Immigration Appeals lacks expertise in this area, and their interpretation does not merit deference. But even if Chevron applies, the intent of Congress is clear, and the Board of Immigration Appeals failed to effectuate their intent. Yet, even if the statute is ambiguous, the Board of Immigration Appeals' interpretation of the statute is unreasonable. As a result, this court should find that a Florida deferred adjudication is not a conviction by a final judgment for the purposes of withholding of removal. Turning to my first issue, whether or not Chevron applies and the Board merits deference, as this court has found in Martin v. Social Security Administration, Chevron is not always applicable. In Barnhart v. Walton, the Supreme Court looked to several factors to determine whether Chevron deference applies. First, to the interstitial nature of the question. Second, to the related expertise of the agency. Third, the importance of the question to the administration of the statute. And fourth, the careful consideration given to the issue over time. Can I ask you this, even like sort of setting Chevron entirely to the side? Chevron may or may not be hanging in the balance anyways, right? But just as a matter of straight statutory interpretation, if the phrase is, you know, convicted by a final judgment, and I understand that you resist the idea that we can separate that into convictions and by a final judgment, but just sort of bear with me. So do you dispute that as a matter of sort of plain language under what is it, A48A, that the conviction piece is taken care of by the NOAA contendere plea plus the imposition of some form of punishment or restraint on liberty? Your Honor, if you were in the world of an 1101 conviction, then I would agree, Your Honor, that this is a conviction under 1101. However, the statute does include the language by a final judgment. Right, right. So I'll get to by a final judgment. So it sounds then like you don't really, you're not really pressing hard on the notion that this wasn't a conviction for INA purposes. That's correct, Your Honor, because it is. So then if, so I understand then the by a final judgment piece, I understand that we don't have a statutory definition of that phrase in the sense that we sort of have one of conviction. But just sort of like in a plain language kind of way, by a final judgment, I mean, if you look it up in Blacks, it basically, you know, says some version of, you know, a court's last action that settles the rights of the parties and disposes of all of the issues and the controversies. That's basically what Berman says. That's basically what all of the final judgment precedent in the U.S. Supreme Court says. Why isn't this that? Your Honor, it's not that because when you actually look to the Florida Deferred Adjudication Statute, it specifically notes that the imposition of a sentence is withheld. And in Berman v. United States, the Supreme Court noted that, and the Board of Immigration Appeals really clings to the sentence, that the final judgment is the sentence. But Berman looks to the actual imposition of the sentence even if serving the sentence is withheld or deferred. And in that case, the Supreme Court stressed the importance that all of the sort of consequences of a conviction, the flow from a conviction would apply. In that case, the petitioner was a lawyer, and the Supreme Court noted that he was disbarred. But as this court recognized in Clark v. United States, by looking and asking the Florida Supreme Court what happens with a Florida Deferred Adjudication, the Florida Supreme Court explained that this is not a conviction, it's not a final judgment, that the consequences— For purposes of Florida law, right? Yes, Your Honor, but this is important, too, because when you look towards, you know, this term convicted by a final judgment comes from the Refugee Convention, and that's where Congress's intent was to pull it directly from, the Refugee Convention, as they've stated in the legislative history of the 1980 Refugee Act, that they were trying to bring us into accordance with our treaty requirements. And if you look at the travel perpetuar of the Refugee Convention, the states that enacted the convention were very interested and concerned about the originating jurisdiction of the convictions, about whether where the crime happened, it would be viewed as final. And so this is why Florida's definition matters when you're looking at whether there's a conviction by a final judgment. So is it your position that, by virtue of the Refugee Convention history or otherwise, that Florida's understanding of what constitutes a conviction by a final judgment is dispositive or just informative? Your Honor, I mean, I would say that it is dispositive, actually, because it wouldn't be dispositive, of course, for 1101, and this is the distinction here. 1101's definition of conviction, which is applicable throughout other portions of the Immigration and Nationality Act, you know, whether somebody is inadmissible and ineligible to adjust status or something like that. That's where the 1101 definition comes into play, and Florida's own definition doesn't necessarily matter. But here, where we're looking at a conviction by a final judgment, where Congress intended to pull from the Refugee Convention, where the state actors really focused on the originating jurisdiction of the conviction. See, I always thought it was a federal question to interpret a federal statute, and that the Florida law, while it might be binding in some contexts, does not compel a court to follow their determination of what final is or what final judgment may be. This is a federal question for a federal court interpreting a federal statute. What am I missing? Your Honor, I don't think that that's incorrect. I think that there's three layers of things happening here. This is a term that comes from international law in the Refugee Convention. This is a term as a federal… Right, but that would be part of the federal interpretive process to look at the process by which this thing came into being. But that doesn't suggest I'm bound by anything the Florida courts may have said, whether through their legislature or through their courts. Your Honor, in the Refugee Convention, though, and I understand that this is, of course, a federal law enacted this, but the Refugee Convention, which the Congress specifically cited to and wanted to encompass in our own laws, did focus on the originating jurisdiction's view of the conviction and whether it was final or not. And so Florida's frame of reference here, their belief that it's not a final judgment in their own reading of their own statute, isn't important here. So I guess I'm having the same trouble that Judge Marcus is, but is it your position then that this statute conceivably means 50 different things in 50 different jurisdictions? I understand the concern with that being the case, but the thing is that this is only a small portion of the statute here with a conviction by a final judgment for a particularly serious crime, for asylum and withholding of removal. And when enacting conviction in 1101, that was, of course, Congress's concern was uniformity. But at the same time, instead of amending the statutory language for a conviction by a final judgment of a particularly serious crime in 1996, when they enacted a definition of conviction, they didn't. They left it as a conviction by a final judgment of a particularly serious crime, demonstrating that they were aware that in one place they were creating this uniform definition and in another place they were leaving to stand a statutory language that pulled from the Refugee Convention that was concerned with the finality in the originating jurisdiction. So I think the short answer to my question might be, yes, I am saying that this statute might mean 50 different things in 50 different jurisdictions, but that's not a very big deal because this is a tiny little corner of the statute. That's correct, Your Honor. Basically, Congress is aware of this definition, and they specifically didn't amend it when they enacted a definition of conviction. But even if congressional intent here isn't clear, we still think that the Board's reading of the statute is unreasonable. Let me ask this question this way. Let's assume we start from the premise that Chevron is still good law. The Supreme Court hasn't dumped it. Maybe they will. Maybe they'll cut back on it. But as we sit here today, Chevron is the law of the land, and we've given Chevron deference, particularly in the immigration context where a statute or a statutory phrase or word is really ambiguous. I think everybody agrees there's an ambiguity in the meaning, not of the term conviction as Judge Newsom was asking you about, but the rest of the clause by a final judgment. Accepting that that's ambiguous and accepting that we give Chevron deference, particularly in the immigration field, you would have to say and you would have to establish that the reading that the BIA gave to the phrase by a final judgment was arbitrary, capricious, or manifestly contrary to the statute. That's what giving Chevron deference means. We've said, the Supreme Court said, that we're not looking for the best interpretation or the majority interpretation. We're only looking for a reasonable interpretation. With that backdrop, tell me why in your view it would have been arbitrary or otherwise capricious or manifestly contrary to the statute for the BIA to have read it the way they did. First, you have the observation that Judge Newsom made, which is that they used the definition found in Berman. The final act by the trial court was to pronounce sentence. He had done everything that he could do. Sentence was pronounced in this case. Second, the BIA was concerned about the vagaries of 50 different jurisdictions having 50 different definitions of what a final judgment means, and you wanted some uniformity so the law wasn't different every time one of these immigration comes up. And third, they said this was consistent with the INA's definition of conviction for the purposes of deferred adjudication. We might not agree with that. But were those reasons arbitrary and capricious? And if the answer is no, why aren't we obliged to give Chevron deference? Your Honor, I do think that there's some merit to this concept of uniformity. However, that doesn't mean that we can ignore the statutory language to come up with the reading that the Board prefers. The Board would prefer that the sentence simply say convicted and then refer to 1101, and in doing so they ignore BIA final judgment while also simultaneously misinterpreting Berman to give it a definition that they prefer. Further, it's arbitrary because at some points they apply a finality requirement. They've talked about this in matter of Jay and Acosta, but in this case they put in a footnote that we're just not applying that here and they don't explain why. I'm sorry, go ahead. And then also, Your Honors, in another footnote they explain that this doesn't violate the canon of surplusage because it simply doesn't. They don't explain why they are deciding not to read BIA final judgment to mean something else. And further, in another footnote they explain that Congress intended convicted BIA final judgment to have a substantially overlapping meaning with a term that didn't exist in the statute at the time that convicted BIA final judgment was placed into the statute. As a result, we think that their reading of the statute is arbitrary and capricious. So let me ask you one other question. Under Florida law, this wouldn't count because it's not a conviction, right? But we've already established, and I think you agree, that it is a conviction under the federal statute here. So why would we look, since we know what conviction is defined as under the federal statute, why would we look to the state law, getting back to what Judge Marcus was talking about, why would we look to the state law to cancel that out? Your Honor, my time is quite expired at this point, but I want to answer your question. The reason why we look to the state law is that the statutory language says convicted BIA final judgment. It doesn't say convicted under 1101. It says convicted BIA final judgment. And the Florida Supreme Court also noted in State v. McFadden that a deferred adjudication is specifically not a final judgment. So it does mirror that language in that case, that a Florida deferred adjudication is not a final judgment. It withholds the adjudication of guilt. But just to conclude, Your Honor, I think that this Court has also addressed this issue in Clark. I think it's an issue that's been decided that this is not a conviction. And I believe that, as a result, this Court should overturn the Board of Immigration Appeals, finding that a Florida deferred adjudication is a conviction by a final judgment. Thank you, counsel. Mr. Newell. Good morning. May it please the Court. My name is Craig Newell, and I'm here on behalf of the Attorney General. The Board of Immigration Appeals reasonably interpreted the phrase convicted by final judgment to include deferred adjudications like we have here that satisfy the statutory definition of conviction. This interpretation is consistent with and creates uniformity throughout the Immigration and Nationality Act as a whole. And in particular, it's consistent with the congressional purpose for that statutory definition, as well as the well-established meaning of what a final judgment is with respect to a conviction. Can I ask you a quick question just sort of so I get the metastructure in place? Do you agree that the phrase convicted by a final judgment is ambiguous? You don't make a plain language argument in your brief. You sort of just go straight to what I'll call step two of Chevron. Do you agree that it's ambiguous? We do, Your Honor, and we are defending the Board's decision here that the word convicted, anytime that's used in the INA, it refers back to that statutory definition. That is clear. You always look back, and a deferred adjudication that meets the plea plus some form of punishment, that's a conviction. Any ambiguity is created from the final judgment. And I guess what I'm sort of pressing you on is you say any ambiguity is created. Do you concede that there's ambiguity? I mean, because Chevron's, you know, I think the Supreme Court and this Court has been trying to be pretty clear that you can't just say at Chevron step one, it's undefined, therefore it's silent, therefore it's ambiguous. Step one requires more than that. It requires like real statutory interpretation, right? So if this weren't a Chevron case sort of circling back to the question I asked your adversary at the outset, forget about Chevron. If we're just interpreting a statute, why wouldn't we just say, well, we can figure out what by a final judgment means. We'll look at Black's Law Dictionary, and we'll look at Berman, and we have an answer. Your Honor, you are right. To be frank, if we – the board – I'll take the first step about the Chevron step one. The board did do its due diligence and cautiously found this by a final judgment part the ambiguous. After looking at the history of how conviction was defined in immigration context and the – when the statute was amended. But if we are in a world with no Chevron, this phrase can be looked at. We have plainly the conviction part again from the statutory definition. What does by a final judgment mean? Well, that – it modifies the conviction. So we're asking for what is the last – judgment is just a determination, finding. What is the last determination in a criminal case that results in a conviction? Well, that is the sentence, the punishment, and that has occurred with respect to deferred adjudications. You have the plea with respect to guilt part, and you have the probation, which is the sentence, and no one is questioning that. So it can be resolved under a plain language approach. I guess what I'm saying, if the board were to do this analysis in the first instance, it would look – follow a very similar analysis as the board did and reach the same substantive conclusion. The phrase convicted by a final judgment, that's not a term of art. A term of art means a specific meaning that's well established that's different than the colloquial meaning. That's not the case. There is no definition. So then we have to do – we have to break down the phrases. And so we have convicted. We know that a deferred adjudication in Florida satisfies that statutory definition. And then what does it mean to be by a final judgment? Well, it's well established under Berman that it's the sentence. That completes it. That ends the criminal case. Is there any significance to the context in which the Supreme Court decided Berman, the purpose for which it was deciding that question? Because really it was a somewhat different context. Right. I think – no, because – so the context in Berman, the Supreme Court was trying to figure out what is the – whether it was a final judgment, whether this case – The purposes of being able to appeal, which is – Arguably a different setting than what you have here. Right. But in some ways it is not. So we have a deferred adjudication with a plea plus a punishment, and then that is final. The question of whether there's an appeal that can be exhausted or waived of a deferred adjudication, that's a second step, a second case. That is what Mr. Lopez Serrano wants by a final judgment to be. He wants it to import that finality requirement that's in the – that's for the more – the other part of the statutory definition when there's a formal judgment of guilt. So those are separate considerations. Even if the petitioner was right that the phrase has to be read to mean the appellate process has to be complete, it has to be exhausted or waived, aren't we long since gone there? I mean, this is 23 years later. Whatever appellate rights he may have had, whether he exercised them or not, would long since have been gone. It really wouldn't make any difference here, would it? It would not, Your Honor. If we were back – if we were back in 1989 and there was no statutory definition and we were with the board's previous construction of – by a decision of commission that had deferred action – the plea, the caution, and then no further proceedings. Here, there's no evidence that he reserved a right to appeal. If you look at the judgment order and the record, that box is not checked off. Nor did the time he violated his probation. That would have seemed like the time when you would have re-brought up on that one a challenge. Right, but even if he did, the time is long. Whatever rights he may have had are gone with the wind. That is correct, Your Honor. So do we really have to struggle in this case with discerning the meaning? Whether conviction by a final judgment includes the requirement that the appellate process be exhausted or whether it simply means final in the sense that Judge Newsom was asking you about, in the sense the Supreme Court spoke of final, the last thing the district court did, the trial court did. She opposed the sentence. It doesn't really matter here, does it? We don't have to actually tease this out and provide an answer to answer the question here, do we? Your Honor, that is correct and a way to quickly resolve this case. But I – overall, the interpretation the board put forth is reasonable and it is, at bottom, a substantively probable one. To go with the definition, the preferred interpretation of Mr. Lopez-Serrano would be to bring back the vagaries of state law and there are various approaches to deferred adjudication. We have clear congressional intent in that 1996 amendment that we no longer want to deal with those vagaries of state law. And I think the Clark case is a prime example of this. Within that case, the Florida Supreme Court called conviction for state law purposes a chameleon-like term that with certain Florida statutes like that felon in possession statute, deferred adjudication is not a conviction. But in other contexts, it could be. So there's vagaries within state law. And this relates to an argument that Mr. Lopez-Serrano makes about the refugee convention and how the convicted by a final judgment came from there. The commentary regarding it does not provide us a clear answer. At that time in 1951, these type of ameliorative efforts weren't really in anyone's consideration. But what we can get from it is that we need to look to the contracting nation states. You need to look to the laws of those contracting nation states. And that's exactly what the board did here by looking to federal immigration law and federal criminal law understanding a final judgment. We're not supposed to burrow down into what each of the 50 states would do. They're not the contracting party to a treaty. The federal government is, and they get to interpret and decide what they have, their understanding of what they've committed to under their international obligations. I have a question for you. Isn't there some tension between what the BIA did in this case and what they decided in the matter of Acosta? In the matter of Acosta, they read this conviction issue to require the appellate process to have been completed. They talk about due process, et cetera. And in this case, the BIA says we're just not engaging with, we're not following in the matter of Acosta. How do we handle what appears to me to be at least a tension between the two? The tension there, while it appears on the surface, goes away once you look back to the congressional intent for that 1996 statutory definition of conviction. Congress took the board's definition of conviction, except for one part, and removed the finality requirement from the deferred adjudication part. It did not touch the other part for when there's a formal judgment of guilt. And so, in that case, the finality, the needing to exhaust or waive an appeal, was carried over from that prior board decision. But here, we had clear congressional intent that with respect to deferred adjudications, because the vagaries create injustices or absurdities as to who has immigration consequences for their criminal actions, Congress wants it to be judged at that initial moment that the deferred adjudication is entered. And so, it's really that statutory definition that controls the outcome here and provides a strong basis while the board's decision is reasonable and, to be frank, is a substantively correct interpretation. I just want to come back and be sure that I heard your answer to Judge Newsom correctly. It is the view of the Department of Justice that this phrase, conviction by final judgment, is indeed ambiguous. And therefore, we are required to go to step two of Chevron. And if we do that, the board's determination was an altogether reasonable one. Is that essentially your position? Yes, Your Honor, it is. Thank you. So just so I'm clear, when you say this, the board's, you've said several times now, the board's decision was reasonable and, frankly, it was substantively correct. It sounds to me like the substantively correct piece of that is I win at step one. No need to get to step two. Forget about reasonable. I have the right interpretation of the statute. Yes. So then you're not giving, I'm confused, as is Judge Marcus, I think. Are you conceding that it's ambiguous and, therefore, we have to go to step two and you win anyway because it's reasonable? Or are you saying, look, I win at step one because I have the right interpretation. And if you disagree with me about that, then go to step two if you must, and it's reasonable. Those are two different things. They are, Your Honor. And here, as we are defending the board's decision, the board is the one that has this authority to interpret the Immigration Nationality Act. And they have found it to be ambiguous because of that final judgment. That's where the ambiguity lies. And so that is what we are ultimately defending. Okay. All right. Thank you, counsel. I appreciate your time. Thank you, Your Honors. We'll hear again from Ms. Taylor. Thank you, Your Honors. Briefly, I just want to make a few points. Can I ask you just to help me with the question I asked your colleague a moment ago? For purposes of deciding this case, does it even matter whether we say conviction by final judgment requires the appellate process to be complete or it doesn't? Does it really matter here? Because in this case, obviously, the appellate process by virtue of the passage of time is necessarily over. Do we have to actually decide this case, that issue, to decide whether or not the BIA should be affirmed and the petition should be denied? Yes, Your Honor, because even though time has obviously passed, there's a few important pieces here. First, the final judgment was never entered for this respondent or petitioner. He was charged, entered a plea, put onto a probation, and the final judgment was never actually entered in his case. And so there was never a degree of finality because the court never declared this final judgment an adjudication of guilt. So it's still important here because even though time has passed.  No, Your Honor. I mean, at this point here, there's no finality because this final judgment was never entered. Right. But what I'm saying is, are you saying that because no final judgment was entered, there was nothing that he could appeal about his adjudication deferred? I mean, there was nothing for him to appeal at that point. But if the adjudication could be entered, then there could be some process. Could the adjudication be entered at this point in time? Your Honor, I don't believe so. But I still think that here. I'm so sorry to interrupt, but if the adjudication can't be entered now and he hasn't appealed anything to this point in time, why isn't that, as a practical matter, a final? Why isn't that as a practical matter? Why doesn't it have finality? Your Honor, it doesn't have finality because he was never adjudicated guilty of the crime. And so there was never this adjudication that he was guilty. And so the conviction is— But we've already established that conviction under the federal statute refers to what happened here, right? For the purposes of 1101, this would be a conviction. But for the purposes of this portion of the statute, this conviction by a final judgment, it is not final. But also what's important here is that the BIA is applying different requirements for finality in different places, which lends their interpretation to be unreasonable. And then I have one last point that I want to make. Could I just ask one thing to follow up on what Judge Rosenbaum asked you? And then, of course, go on to your next point. But just help me with— didn't he have the right to appeal from the entry of a five-year probationary term or the right to appeal from a fine and restitution that amounted to about $400 or the right to appeal from the restraint on his liberty, which said he couldn't meet some— he couldn't have any contact with someone? Weren't all of those appealable by right in Florida? Your Honor, even if that were the case, if he could have appealed all of these things, what matters here is the finality of the judgment, which has never been entered. There's no adjudication of guilt for this assault charge. No, the reason I—I take your point, but I thought I heard you just say that there was nothing to appeal. He couldn't have appealed anything. And I thought under Florida law he had a right to take an appeal from any or all of those determinations by the trial judge. Do I have that at least right, that he could have appealed if he chose to do it from the probation, from the restitution, from the fine, and from the imposition on his liberty? Your Honor, I believe that is true. However, the point stands still that the finality of the judgment was never entered. But I want to conclude with why this all really matters, and I'll be brief because my time has expired here. The United States has entered into treaties to give people protection from countries where they would face persecution, and that issue here is whether or not the respondent or the petitioner merits protection of withholding of removal, a mandatory form of protection when somebody is more likely than not to be persecuted in their home country. And so that's why this is different here. It's not simply a conviction for these immersion benefits that the U.S. has decided to create out of the kindness of its heart. The U.S. has signed onto these statutes and treaties that require it to provide protection for people. And so that's why this distinction is really important here and why the court should find that a Florida deferred adjudication is not a conviction for a final judgment. Thank you, counsel. Thank you both.